BRANCH, Marion Anthony, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0503–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 17, 1982.

Carol Carrier, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before DOYLE, DUGGAN and DYESS, JJ.

OPINION

PER CURIAM.

ABATEMENT

This is an appeal from a conviction for capital murder. Appellant, following certification as an adult, was sentenced to life imprisonment. Oral submission of the case was set for June 16, 1982. Appellant's counsel the Honorable Carol Carrier and the Honorable Moncie Ramus have filed a brief asserting thirteen grounds of error.

Said brief is not in substantial compliance with Rule 202, Rules of Post-Trial and Appellate Procedure in Criminal Cases, or with Art. 40.09, Sec. 9, V.A.C.C.P., and said brief should be stricken and this appeal will be abated pending submission of a brief substantially complying with the requirements of Rule 202 and Art. 40.09, Sec. 9, supra.

Rule 202 requires briefs to be "compact, logically arranged, concise and free from burdensome, irrelevant, and immaterial matter." Under Art. 40.09, Sec. 9, the brief shall set forth separately each ground of error ... and such arguments as [appellant] deems appropriate. Each ground of error shall briefly refer to that part of the [record] ... in such way so that the point of objection can be clearly identified and understood by the court.

Appellant's brief contains 45 pages, of which approximately 32 pages are unlimited quotation from the statement of facts.

Under several grounds of error, appellant presents only transcript quotation without argument or briefing. Several other grounds of error purport to incorporate by reference matters presented under other grounds of error, without argument or

briefing. Other grounds of error are multifarious, or present matters not reviewable by this court, or simply are labeled "grounds of error," without a statement of the ground of error and followed only by transcript quotation.

Therefore, it is ordered that counsel, without further remuneration for such services, submit a proper brief within fifteen (15) days of the issuance of this opinion. It is further ORDERED that appellant's brief be stricken and this appeal be abated pending counsels' submission of a brief in compliance with applicable rules and requirements.